UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-22369-Civ-COOKE/WHITE
(89-00046-Cr-COOKE)

IRA LEE SIMMONS,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B), Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts, and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters (ECF No. 3). On August 16, 2016, Judge White issued a Report of Magistrate Judge (ECF No. 10) recommending that (1) Ira Lee Simmons' Motion Seeking Appointment of Counsel (ECF No. 1), which Judge White construed as a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, be granted, (2) a certificate of appealability be denied, and (3) Mr. Simmons be immediately released.

The United States of America filed its Objections to Report and Recommendation on August 23, 2016 (ECF No. 13) and raised the following arguments, which I will address in turn: (1) Judge White erred in finding that Movant was not required to satisfy his burden of proof to show that he was sentenced under the residual clause in order to be entitled to relief under *Johnson v. United States*, 576 U.S. \_\_\_ (2015); (2) Judge White erred in finding that Movant's 1973 conviction for aggravated assault does not qualify under the ACCA's elements clause; (3) Judge White erred in finding that Movant's 1980 conviction for robbery does not qualify under the ACCA's elements clause; and (4) Judge White erred in finding that Movant's claim is not procedurally defaulted.

## I. DISCUSSION

### A. *Burden of Proof*

Judge White, relying upon *In re Chance*, No. 16-13918-J, 2016 WL 4123844 (11th Cir. Aug. 2, 2016) and *United States v. Ladwig*, No. 2:03-CR-00232-RHW, ___ F. Supp. 3d ___, 2016 WL 3619640 (E.D. Wash. June 28, 2016), found that a movant is not required to show affirmatively that the sentencing court relied upon the residual clause when imposing the enhancement on his sentence. Judge White reasoned that since the record in this case is unclear as to which clause the district court relied upon when enhancing Movant's sentence, Movant has established constitutional error under *Johnson* because it is possible that the enhancement rested upon the residual clause. Judge White further found that this constitutional error was not harmless because three of Movant's four ACCA predicate convictions cannot serve as valid bases for an ACCA sentence enhancement.

I find Judge White's reasoning as to this point to be clear, cogent, compelling, and in line with current precedent. A movant can sustain a section 2255 motion if: "(1) it is unclear from the record which clause the sentencing court relied on in applying the ACCA enhancement; and (2) in light of *Johnson*, [the Movant's] prior convictions no longer qualify him for the ACCA sentencing enhancement." *Leonard v. United States*, No. 16-22612-CV-CMA, DE 15 (S.D. Fla. Aug. 22, 2016). I find that both factors are met in this case, as will be more fully explained below. I also respectfully reject the reasoning of the court in *Ziglar v. United States*, ___ F. Supp. 3d ___, 2016 WL 4257773 (M.D. Ala. Aug. 8, 2016) because it would place upon the Movant the high burden of proving that the sentencing court relied upon the ACCA residual clause as opposed to the enumerated or elements clauses at sentencing. As such, Respondent's objections as to the burden of proof are overruled.

### B. *Aggravated Assault*[1]

Respondent contends that Fla. Stat. § 784.04, as it existed in 1973, qualifies as a violent felony under the elements clause of the ACCA, and was therefore properly used to enhance Movant's sentence. In support of its argument, Respondent relies heavily upon *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 576 U.S. ___, which held that a conviction for aggravated assault under Fla. Stat. § 784.021 qualifies as a violent felony for purposes of the ACCA because, "by its definitional

---

[1] Both Movant and Respondent agree that Movant's prior Florida conviction for breaking and entering a dwelling no longer qualifies as a predicate "violent felony" under the ACCA.

terms, the offense [of aggravated assault] necessarily includes an assault, which is an 'intentional, unlawful threat by word or act *to do violence* to the person of another, coupled with an apparent ability to do so.'" *Turner*, 709 F.3d at 1338 (citing Fla. Stat. § 784.011) (emphasis added). As such, "a conviction under section 784.021 will always include as an element the … threatened use of physical force against the person of another", *id.* (internal quotation marks omitted), because by its definitional terms, § 784.011 requires a threat "to do violence."

*Turner* holds that a conviction for aggravated assault under Fla. Stat. § 784.021 meets the ACCA's elements clause definition, but not a conviction for aggravated assault under Fla. Stat. § 784.04. Additionally, and most glaringly for the Respondent, while the analysis in *Turner* relies upon the definition of "assault" from Fla. Stat. § 784.011, that statute did not exist when Movant was convicted. Section 784.011 did not go into effect until July 1, 1975. *See In re Jackson*, ___ F.3d ___, 2016 WL 3457659, at *2 (11th Cir. June 24, 2016). Movant was convicted of aggravated assault in 1973. Prior to July 1, 1975, "the elements of an 'assault' were not expressed in any statute, and the state's common law definition of 'assault' was '*a wrongful action* creating fear of imminent bodily harm coupled with an apparent present ability to inflict injury.'" *Id.* (quoting *State v. White*, 324 So. 2d 630, 631 (Fla. 1975)) (emphasis added). This definition lacks the "to do violence" element that *Turner* found critical, therefore rendering *Turner* inapplicable to Movant's aggravated assault conviction. *Id.*

With *Turner* inapplicable to the case at hand, I find Judge White's reasoning to be clear, cogent, and compelling. As such, Respondent's objections as to the crime of aggravated assault are overruled.

### C. Robbery

Respondent further contends that Movant's prior convictions for robbery in 1975 and 1980 both qualify as ACCA predicate convictions under the elements clause. In support, Respondent relies upon *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011), *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006), *In re Robinson*, 822 F.3d 1196 (11th Cir. 2016), and *United States v. Jenkins*, 2016 WL 3101281 (11th Cir. June 3, 2016), for the proposition that robbery under Fla. Stat. § 812.13(1) is a violent felony for purposes of the ACCA.

However, as Judge White noted in his Report and Recommendation, before 2000 in Florida, there was no intermediary statute between robbery and larceny that criminalized robbery-by-sudden-snatching. Because there was no separate statute for robbery-by-sudden-snatching before the year 2000, "a defendant could commit robbery … either by use of force or

by 'sudden snatching,' which Florida courts construed as not requiring force." *In re Jackson*, 2016 WL 3457659, at *2 (citing *United States v. Welch*, 683 F.3d 1304, 1311 n.29 (11th Cir. 2012). There existed a divide in Florida over "whether a snatching, as of a purse, or cash from a person's hand, or jewelry on the person's body, amounted to robbery." *Welch*, 683 F.3d at 1311.

It was not until 1997 that the Florida Supreme Court clarified that robbery-by-sudden-snatching could no longer be prosecuted under Section 812.13, casting doubt upon prior intermediate appellate decisions that had held a mere snatching to be sufficient under Section 812.13. *See Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997) ("in order for the snatching of property from another to amount to robbery, the perpetrator must employ more than the force necessary to remove the property from the person … [T]here must be resistance by the victim that is overcome by the physical force of the offender."); *see also Welch*, 683 F.3d at 1311. Subsequently, in October 1999, Florida's legislature adopted the reasoning of *Robinson* and promulgated a new statute that separately criminalized robbery-by-sudden-snatching. *See Fla. Stat.* § 812.131.

As the above recitation highlights, a defendant convicted of robbery under Section 812.13 prior to 1997 could have been convicted of robbery or robbery-by-sudden-snatching. Because a court must assume that "the conviction rested upon nothing more than the least of the acts criminalized," *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014), this Court assumes that Movant's pre-1997 robbery conviction (in 1980) was for robbery-by-sudden-snatching. This conclusion is supported by the Eleventh Circuit's reasoning in *Welch*, wherein the court assumed that the movant's 1996 conviction for robbery was for robbery-by-sudden-snatching because the movant "pleaded guilty before [*Robinson*] and the new [snatching] statute … and at a time when the controlling Florida Supreme Court authority held that 'any degree of force' would convert larceny into a robbery." *Welch*, 683 F.3d at 1311-12.

Robbery-by-sudden-snatching requires only a taking of money or property – a showing of force or resistance by the victim is not necessary. *See* Fla. Stat. § 812.131. The ACCA elements clause requires, at a minimum, the "threatened use of physical force." As such, because at the time Movant was convicted of robbery, the statute encompassed both robbery and robbery-by-sudden-snatching, and because robbery-by-sudden-snatching does not require the use of threatened physical force, I find that Movant's conviction for robbery in 1980 cannot support a sentence enhancement under the elements clause of the ACCA. *See Michael*

4

*Lee v. United States of America*, No. 16-CV-61460-CMA, DE 12 (S.D. Fla. Aug. 23, 2016).

As such, I find Judge White's Report and Recommendation to be clear, cogent, and compelling on this issue. While Movant's 1975 conviction for robbery occurred at a time when "Florida law clearly established that taking by stealth, as in pickpocketing where the victim is not aware of the theft, was merely larceny, not robbery," *Welch*, 683 F.3d at 1311, Movant's 1980 conviction for robbery occurred at a time when the conduct necessary to satisfy Florida's robbery statute was in flux. Before the Florida Supreme Court's ruling in *Robinson*, appellate courts interpreted Section 812.13 differently, with some courts determining that snatching, "even without resistance by or injury to the victim, was sufficient to satisfy Florida's force element." *Robinson*, 692 So. 2d at 885. It took the court in *Robinson* to clarify that snatching did not constitute robbery; before then, some Florida courts had in fact interpreted snatching to fall within the robbery statute. Therefore, Movant's 1980 conviction for robbery can no longer serve as an ACCA predicate offense under the elements clause. Respondent's objections as to this issue are overruled.

### D. Procedural Default

Finally, Respondent argues that Movant's claim is procedurally defaulted because he failed to raise the issues raised herein on direct appeal, and cannot establish cause and prejudice to excuse his default. I disagree with Respondent's arguments as to this issue. Additionally, while I agree with Judge White's ultimate conclusion on this issue, that Movant is entitled to a review on the merits of his claim based upon a showing that he no longer qualifies as an Armed Career Criminal, I respectfully disagree with his analysis.

I find that to the extent Movant has procedurally defaulted the claims raised herein, he has established cause and prejudice to excuse such default because his requested relief rests on a new rule of constitutional law, established in *Johnson*, that had not been previously recognized, and he has been actually prejudiced by serving an unconstitutional sentence. *See Reed v. Ross*, 468 U.S. 1, 16 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim…." (alterations added)). Because Movant appropriately relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" 28 U.S.C. § 2255(h)(2) (alteration added), I find that this Court must address the merits of the Motion. *See Lee*, No. 16-CV-61460-CMA, at n. 2.

Additionally, I note that Respondent's heavy reliance on *McKay v. United States*, 657

5

F.3d 1190 (11th Cir. 2011) is misplaced. While I do not believe that this Court must reach the actual innocence exception to procedural default because Movant has established cause and prejudice, I would be remiss if I did not address Respondent's mistaken reliance upon *McKay*. In *McKay*, the Eleventh Circuit addressed whether the actual innocence exception to procedural defaults applied where the movant argued that he was actually innocent of a sentence enhancement because his prior conviction no longer constituted a crime of violence. 675 F.3d at 1198. The court held that the actual innocence of sentence exception did not apply "to claims of legal innocence of a predicate offense justifying an enhanced sentence." *id.* at 1199.

However, while *McKay* addresses whether legal innocence of a sentencing enhancement, based on the conclusion that one predicate conviction no longer constituted a "crime of violence," was sufficient to overcome the procedural bar for claims not raised on direct appeal, the issue raised herein is different. Here, Movant is not arguing that he is actually innocent of his sentence enhancement because the underlying convictions themselves no longer qualify as ACCA predicate offenses due to a change in the law. Instead, he argues that the entire sentencing scheme itself has been deemed unconstitutional, and therefore his enhanced sentence is invalid and unconstitutional. Movant's claim exists because the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague; that is, that all sentences enhanced per the residual clause are unconstitutional. As such, any reliance upon the reasoning in *McKay* is misplaced because it does not address whether a defendant may rely upon the retroactive application of a new rule of constitutional law in an initial § 2255 motion. *See Morton v. U.S.*, 550 F. App'x 807 (11th Cir. 2013).

Finally, I note that the Respondent itself concedes in its briefing that where a predicate offense is later deemed not to support a sentencing enhancement, and a prisoner is rendered statutorily ineligible for his sentence as a result, Respondent would disagree with the Eleventh Circuit's reasoning in *McKay*. This is precisely the situation we have before us today; a prisoner whose ACCA predicate offenses no longer qualify to enhance his sentence, rendering the prisoner statutorily ineligible for his sentence. As such, Respondent's objections as to this issue are overruled.

## II. CONCLUSION

I have considered Judge White's Report and Recommendation, Respondent's Objections, and have made a *de novo* review of the record. I find Judge White's Report and

Recommendation clear, cogent, and compelling. Therefore, Judge White's Report of Magistrate Judge (ECF No. 10) is **AFFIRMED and ADOPTED** *in part* as explained in this Order. Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Ira Lee Simmons' Motion to Vacate Sentence (ECF No. 1) is **GRANTED**. No Certificate of Appealability will issue.
2. Mr. Simmons' sentence is **VACATED** and his classification as an armed career criminal is eliminated.
3. In light of the foregoing, the parties are directed to file a statement with the Court <u>within twenty-four (24) hours</u> of the date of this Order indicating whether they are amenable to waiving the requirement of an updated presentence investigation report ("PSI") and re-sentencing hearing, and instead agree to imposition of the ten-year statutory maximum applicable without the ACCA enhancement.
4. If the parties do not so stipulate, the parties shall file a notice with the Court so indicating. The Probation Office is then requested to prepare a short-form PSI to recalculate Mr. Simmons' Sentencing Guidelines, eliminating the armed career criminal enhancement, and submit the same to the Court <u>within three (3) days</u> of the date of this Order.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 31st day of August 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick A. White, U.S. Magistrate Judge*
*Counsel of Record*